**PARKER AND PARKER CONSTRUCTION COMPANY, Inc., Appellant,**

v.

**Frank MORRIS, Appellee.**

**No. 5471.**

Court of Civil Appeals of Texas.

El Paso.

March 22, 1961.

Rehearing Denied May 24, 1961.

Turpin, Kerr, Smith & Dyer, Max N. Osborn, William L. Kerr, Midland, for appellant.

Warren Burnett, Odessa, for appellee.

LANGDON, Chief Justice.

This is an appeal from a judgment awarding appellee the sum of $5,020 for property damage as a result of some unknown third party driving appellant's tractor against appellee's house.

Trial was had to a jury. The case was submitted on eight special issues, which the jury found as follows: (1), that appellant was not negligent in leaving its tractor unattended; (3), but that appellant's failure to equip its tractor with means which would prevent its being started and operated by a person not an employee of appellant was negligence; (4), that such negligence was a proximate cause of the collision in question; (5), damages to residence, $4,500; (6), damages to personal property, $520; (7), that the act of some third party in driving appellant's tractor into appellee's home was not the sole proximate cause of the collision; and, (8), that the collision in question was not the result of an unavoidable accident.

Appellant's appeal is predicated upon ten points of error.

Points 1, 2 and 3 are based on the contention that the trial court erred in failing to grant appellant's motion for instructed verdict and motion for judgment non obstante veredicto—(1), because the evidence failed to show that appellant or its agent drove the tractor into appellee's house; (2), because the act of some unknown third party in driving the tractor into appellee's house was a new and independent, and new and intervening act of negligence for which appellant is not responsible; and, (3), because the act of appellant in leaving its tractor unattended without a locking device could not be a proximate cause of the accident, since appellant could not reasonably anticipate that some unauthorized person would take its tractor and operate it in a negligent manner.

The material undisputed facts are, briefly, as follows:

Appellant, at the time in question, was engaged in building streets, curbs and gutters in a new residential addition in Odessa. At about noon on Friday, before the happening of the accident, appellant's tractor driver parked the tractor in question on a vacant lot, behind the curb, approximately one and one-half blocks from appellee's house. The tractor was stopped on rocky ground, with the switch cut off and the vehicle in gear. It was parked in such a manner that it could not roll to the house where the accident occurred, and the only way the accident could have occurred was for someone to have driven the tractor to the place of the accident.

In the early morning hours of Monday, July 28, 1958, at approximately 3:30 A.M.,

some unknown third person drove appellant's tractor into the side of appellee's house. Appellee testified that he had no idea who drove the tractor into his house, but recalled hearing a car, using noisy pipes or muffler, drive away from the front of his house shortly after the accident.

It is undisputed that whoever drove the tractor at the time of the accident was not an employee of appellant, and that it was not driven with the consent of the appellant.

The tractor in question was equipped with a button on the dash which could be pulled out to operate the ignition system, in order that the tractor might be started. The tractor was of standard make, and equipped just as the manufacturer had sold it.

There was testimony from numerous witnesses familiar with tractors of the type involved in this accident, and with other tractors, and they testified that the "push-pull button" type of ignition was standard equipment on most tractors—that very few were equipped with lock and key switches, and that it was the custom and practice among contractors to operate their tractors just as the manufacturer sold them; that even where tractors were sold with keys and ignition locks, it was customary to leave the keys in the locks at night. Others testified that it would be easy to wire around any locking device.

So far as we have been able to determine, the case before us is one of first impression in Texas. No Texas cases have been found involving the question of the liability of the owner of a motor vehicle to third parties for damages caused by one who stole the vehicle. The question presented here is not without precedent in other jurisdictions, however.

The majority rule is that the owner of a motor vehicle is not liable to third parties injured as a result of the negligent operation of his vehicle by a thief or other person not authorized to drive it. Jackson v. Mills-Fox Baking Co., 221 Mich. 64, 190 N.W. 740;

Corinti v. Wittkopp, 355 Mich. 170, 93 N.W.2d 906.

In accord with the above are holdings by the Supreme Courts of Massachusetts, New Jersey, Minnesota, California, Mississippi, and the intermediate courts of numerous other states.

Most of the cases cited involved a situation where the owner of the motor vehicle violated a state statute or city ordinance requiring one, upon parking his automobile, to lock the vehicle and remove the keys from the .switch.

Appellee does not contend that appellant violated any state law or city ordinance by failing to equip the tractor in question with ignition switch and key, or by failing otherwise to lock or secure the vehicle in such manner that it could not be operated by unauthorized persons.

The majority rule, even where the defendant owner of a vehicle is shown to have left his car unattended, with the key in the ignition in violation of a state statute, is that the owner is not liable to third persons for damages caused by a thief or other person not authorized to drive it. The reasons generally assigned by the courts for supporting the majority rule in such cases are: (1), that the violation of the statute is not a proximate cause of the injury; and, (2), that the intervention of the thief breaks the causal connection between the original wrong and the injury. 6 Baylor Law Review 392, 397 (and cases cited).

In Kiste v. Red Cab, Inc., 1952, 122 Ind.App. 587, 106 N.E.2d 395, 398, the court, after reviewing cases from many jurisdictions, stated:

"In the absence of statutes or ordinances, it has been uniformly held that the owners of automobiles who left their cars standing unattended with keys in their ignition switches were not liable for subsequent injuries occasioned by the negligent operation of the car by thieves, the reason generally given

being that the negligent operation of the thief was the proximate intervening efficient cause of the injury."

While the vehicle involved in the case at hand was a tractor, and not an automobile, we think such circumstance, alone, is insufficient to justify this court in holding, contrary to the great weight of authority, that the owner of a motor vehicle (in this case, a tractor) is liable to third parties for damages caused by the negligent operation of such vehicle by the one who stole it.

It is unquestionably true that a large and powerful machine, such as a tractor, by reason of its great size and weight, is likely to inflict great damage in the event it is taken by a thief and operated in a negligent manner. While the average automobile is lighter and smaller and presumably less powerful than a tractor, they are nevertheless capable of being operated at much higher speeds and, consequently, are capable of doing just as much damage as a tractor, in most circumstances. In addition, we think it far less likely that a tractor would be stolen, or that it would be used by an unauthorized person, then would be the case where the thief's choice lay between two vehicles—an unattended unlocked tractor on the one hand, and an unattended, unlocked automobile on the other.

The holding in a recent Texas case (Hanson v. Green, Tex.Civ.App., 339 S.W.2d 381, 382, writ refused), affirmed a trial court in granting defendant's motion for instructed verdict where it was shown that defendant, Roy Green, was the owner of a 1955 Chevrolet, which was in good mechanical condition. On the date in question defendant's daughter, Nancy, was just under 15 years of age, and had no driver's license, but had been driving "close to a year" just prior thereto. Nancy asked for and received permission from her father to drive the car to a friend's house for a social visit. Defendant, at no time prior to the date in question, had knowledge that his daughter would permit anyone else to drive the car, and had he known that

his daughter would permit anyone else to drive, he would not have let her have the car. Nancy permitted one of her friends, another minor who also had no driver's license, to drive the car; and, while it was being driven by such minor, defendant's car collided with another car owned and occupied by plaintiff.

At the close of the evidence, defendant's motion for instructed verdict was granted, and, in affirming the trial court's judgment, the Court of Civil Appeals held that defendant at no time consented that the minor (Gerald Lee Hunt) should operate his automobile and did not, in any way, ratify or adopt Nancy's action in permitting such minor to drive his car. The court pointed out that foreseeability and causation are two necessary elements of proximate cause, and held that the negligence, if any, of defendant in entrusting his car to his daughter, Nancy, an unlicensed driver, was not a proximate cause of appellant's injuries and damages (citing numerous cases).

We sustain appellant's Points 1, 2 and 3. The points discussed are sufficient to dispose of appellant's fourth point, which is also sustained.

Appellant's remaining points are largely based on evidentiary matters, none of which, standing alone, would require the reversal of this case, and they and each of them are accordingly overruled.

We hold that the owner of a vehicle is not liable to third parties injured as a result of negligent operation of his vehicle by a thief or other person not authorized to drive the vehicle, and that the negligence, if any, of appellant in failing to equip his tractor with a switch and key, or other device, and to remove the key or otherwise render the vehicle inoperable when left unattended, was not a proximate cause of appellee's damage.

The accident was caused by an independent, intervening cause—namely, the operation of the vehicle by an unknown third

party, and this was the proximate cause of the accident. Jackson v. Mills-Fox Baking Co. (supra).

The judgment of the trial court is reversed, and judgment is here rendered for appellant.