Edward BATKO, Jr., Appellant,

v.

MECCA INVESTMENT COMPANY, Appellee.

No. 11–81–141–CV.

Court of Appeals of Texas, Eastland.

Oct. 7, 1982.

Robert D. Batjer, Jr., Batjer & Davey, Abilene, for appellant.

James C. Gordon, McMahon, Smart, Wilson, Surovik & Suttle, Abilene, for appellee.

McCLOUD, Chief Justice.

Edward Batko, Jr. drove his automobile to a private hangar which housed an airplane owned by Mecca Investment Company. He parked the car, facing the hangar, about 30 feet from Mecca's airplane. Batko then got out of the car after putting the standard transmission into neutral and setting the parking brake. The engine was idling. While Batko was looking at Mecca's plane, his companion, Thomas Pruski, Jr., who was sitting in the passenger's seat of the automobile, decided to play a practical joke on Batko. Pruski intended to put the automobile in reverse to make Batko think that Pruski was going to drive away and leave Batko at the hangar. Pruski, while seated in the passenger seat, put his left leg over the center console, depressed the clutch, and while attempting to put the transmission in reverse, inadvertently put it into a forward gear. When he released the clutch, the automobile started moving forward. Pruski hit the brake and the accelerator at the same time. The automobile struck Mecca's airplane causing serious damage.

Mecca sued Batko and Pruski for property damage and loss of use. The jury found that the negligence of both Batko and Pruski was a proximate cause of the collision. Negligence was attributed 40% to Batko and 60% to Pruski. Judgment was rendered in favor of Mecca against each defendant, jointly and severally, for $21,698.78. Batko appeals. We affirm.

The jury found that each of the following negligent acts of Batko was a proximate cause of the collision:

(1) in leaving his vehicle unattended with the engine running and the key in the ignition;

(2) in parking his automobile facing the airplane with the engine running; and

(3) in leaving Pruski in the automobile with the engine running.

The negligence findings are not challenged by Batko.

The jury determined that each of the following negligent acts of Pruski was a proximate cause of the accident:

(1) putting the automobile in motion when it was unsafe to do so;

(2) putting the automobile in motion when he was not in a position to control it;

(3) failing to make a timely application of his brakes; and

(4) using the automobile to play a practical joke.

Proximate cause was defined in the court's charge as:

(T)hat cause which, in a natural and continuous sequence, unbroken by any new and independent cause, produces an event, and without which cause such event would not have occurred; and in order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Batko, who was 17, picked up his longtime friend, Pruski, who was 18, after Pruski got off work at approximately 11:00 p.m. on the night of the incident. Before getting in Batko's car, Pruski went to his car and got two beers from his cooler. They decided to drive out to the airport to look at airplanes. Pruski drank one of the beers on the way to the airport, and had started drinking the second beer when they got to the airport. Upon their arrival, they drove up to two different hangars, where Batko stopped the engine and both he and Pruski got out to look at airplanes. On their third stop, Batko parked his car at an angle so that the headlights were shining into the hangar. He got out of the car, leaving Pruski inside with the engine running. Batko was looking at Mecca's airplane when he heard the "grind" and saw his automobile coming toward the plane.

Pruski testified that he attempted to move the car from the passenger's seat because he was going to play a "practical joke" on Batko. He intended to put the car in reverse and back away, giving Batko the impression that Pruski was leaving him at the airport. The automobile had two bucket seats with a console located between the seats. The gear shift lever extended above the console. It was necessary to use the clutch to get the car in reverse. Pruski described his attempt to move the car from the passenger's seat as follows:

With my left leg, I—over the console with my left leg, put in the clutch, and I was attempting to put it in reverse, and I must have got second, and let out the clutch slowly, and it started moving forward, and I must have panicked and tried to put on the brake or—I didn't realize what I was doing at the time, and hit the brake or the accelerator at the same time, and the car hit the airplane.

Pruski had on two or three other occasions in the past played a "joke" on Batko by pretending that he was going to drive off and leave him stranded. On each of these occasions Pruski was driving his own automobile. Pruski had never driven Batko's car, and he knew that Batko's father had instructed Batko that no one was to drive his car.

Batko contends there is no evidence, or alternatively, factually insufficient evidence to support the jury's finding that his negligence was a proximate cause of the occurrence. We disagree.

■ Proximate cause consists of two concepts: (1) cause in fact and (2) foreseeability. Both elements must be present, and may be established by direct or circumstantial evidence. *Farley v. M.M. Cattle Company*, 529 S.W.2d 751 (Tex.1975). The court in *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901 (Tex.1980) stated:

Foreseeability is satisfied by showing that the actor, as a person of ordinary intelligence, should have anticipated the danger to others by his negligent act. *Clark v. Waggoner*, 452 S.W.2d 437, 440 (Tex.1970). Cause in fact means that the

act or omission was a substantial factor in bringing about the injury and without which no harm would have occurred. *Texas & P. Ry. Co. v. McCleery*, 418 S.W.2d 494, 497 (Tex.1967). Where failure to use ordinary care actively aids in producing an injury as a direct and existing cause, it need not be the sole cause, but it must be a concurring cause and such as might reasonably have been contemplated as contributing to the result under the attending circumstances. *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d 99, 103–104 (Tex.1977).

■ Foreseeability does not require that the actor anticipate just how the injuries will grow out of the particular dangerous situation. *Missouri Pac. R. Co. v. American Statesman*, 552 S.W.2d 99 (Tex.1977); *Pioneer Natural Gas Co. v. Caraway*, 562 S.W.2d 284 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.). As stated in *Clark v. Waggoner*, 452 S.W.2d 437 (Tex.1970):

The foreseeability element of proximate cause is established by proof that the actor as a person of ordinary intelligence and prudence should have anticipated the danger to others created by his negligent act, and the rule does not require that he anticipate just how injuries will grow out of that dangerous situation. . . . The test is not what the wrongdoer believed would occur; it is whether he ought reasonably to have foreseen that the event in question, or some similar event would occur.

■ The jury could properly find that Batko's leaving the motor running in his parked car was a substantial factor in bringing about the injury and without which no harm would have occurred. Also, we think the jury could properly find that Batko, as a person of ordinary intelligence and prudence, should have anticipated the danger to others created by his negligent act.

We hold there is some evidence to support the proximate cause finding, and after considering all the evidence, we hold the evidence is factually sufficient. *In re*

*King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

The principal issue argued by the parties is whether the negligence of Pruski was a "concurring cause," concurrent with the active and continuing original negligence of Batko, as urged by Mecca, or whether the conduct of Pruski was a new and independent "intervening cause," superseding the original negligence of Batko, as asserted by Batko.

In *Bell v. Campbell,* 434 S.W.2d 117 (Tex. 1968), two parties, Campbell and Marshall, collided on a highway, and a trailer attached to the Marshall vehicle became disengaged and overturned in the north lane of the highway. Plaintiffs, while attempting to remove the trailer from the highway, were struck by an automobile driven by Fore. Plaintiffs settled with Fore, and then sued Campbell and Marshall. Regarding intervening cause and foreseeability, the court said:

> When the active and immediate cause of the injury is an independent agency, . . . the first inquiry is whether the intervening cause and its probable consequences were such as could reasonably have been anticipated by the original wrongdoer. *Texas & P. R. Co. v. Bigham,* 90 Tex. 223, 38 S.W. 162; *Seale v. Gulf, C. & S.F.R. Co.,* 65 Tex. 274, 57 Am.Rep. 602.

The court stated, however, that if the negligence of Campbell and Marshall was a "concurring cause" of the collision, the fact that "Fore's conduct was not reasonably foreseeable" would not relieve Campbell and Marshall of liability. In noting the difference between intervening cause and concurring cause, the court approved the following language:

> The first authority deals with a true intervening act or agency, which supersedes the original negligent act, and of itself operates as the efficient cause; whereas, the second authorities have to do with concurrent negligence or a concurrent act which co-operates with the still persisting original act in bringing about the injury. When the new cause or agency concurs with the continuing and co-operating original negligence in working the injury, the original negligence remains a proximate cause of the injury, and the fact that the new concurring cause or agency may not in such case have been reasonably foreseeable should not relieve the wrongdoer of liability.

The court in *Bell* held that the conduct of Fore was an intervening cause and that the negligence of Campbell and Marshall did not "actively" contribute in any way to the injuries involved. The court added that "all acts and omissions charged" against Campbell and Marshall had run their course and were "complete." Their negligence, said the court, "simply created a condition" which attracted the injured parties to the scene where they were injured by a third party.

An often cited case illustrating concurring cause is *Robert R. Walker, Inc. v. Burgdorf,* 150 Tex. 603, 244 S.W.2d 506 (1951), which involved employees of a service station who were draining a gasoline tank and washing the gasoline with a hose toward the sewer drain. A third party, Shaw, while watching the procedure, lighted a cigarette. He was warned to be careful about lighting matches around gasoline. Shaw laughed and said, "You know that gasoline and water will not burn," at which time he "deliberately" threw a lighted match into the stream of gasoline and water. The mixture ignited causing injuries. The court held that the facts presented a proper case for the application of the concept of "concurrent negligence" and that the owner of the service station would be liable even though the employees "could not have reasonably anticipated and foreseen the act of Shaw."

It is stated in *McAfee v. Travis Gas Corporation,* 137 Tex. 314, 153 S.W.2d 442 (1941), that:

> If the effects of the actor's negligent conduct actively and continuously operate to bring about harm to another, the fact that the active and substantially simultaneous operation of the effects of a third person's innocent, tortious or criminal act is also a substantial factor in bringing

about the harm does not protect the actor from liability.

In *Biggers v. Continental Bus System,* 303 S.W.2d 359 (Tex.1957), an automobile driven by Mrs. Gross ran into the back of another automobile propelling it into the path of an oncoming bus. The jury found that Continental's bus was traveling at an excessive rate of speed. Continental argued that the driver of the bus could not reasonably foresee that his excessive speed might lead to a collision with another automobile in the wrong traffic lane. The court said:

> If Continental's negligent and excessive speed proximately contributed to cause the collision it is immaterial to Continental's liability that the negligence of Mrs. Gross also contributed thereto or that such concurring cause may not have been reasonably foreseeable. *Walker, Inc. v. Burgdorf,* 150 Tex. 603, 244 S.W.2d 506, 510; *McAfee v. Travis Gas Corp.,* 137 Tex. 314, 153 S.W.2d 442, 447; *G.C. & S.F. Ry. Co. v. Ballew,* Tex.Com.App., 66 S.W.2d 659, 661. It is a sufficient predicate of Continental's liability that the excessive speed of the bus was a substantial factor in bringing about the collision. *Hopson v. Gulf Oil Corp.,* 150 Tex. 1, 237 S.W.2d 352, 355.

In discussing the concept of "substantial factor" the Supreme Court in *Hopson v. Gulf Oil Corp.,* 150 Tex. 1, 237 S.W.2d 352, 355 (1951) stated:

> As to causation, it is said that if the defendant's act or omission was a substantial factor in bringing about the result, it will be regarded as a cause, and that ordinarily it will be such a substantial factor if the result would not have occurred without it. Prosser on Torts, p. 321, Section 46.

Section 442B of the Restatement of Torts, Second, states:

> Where the negligent conduct of the actor creates or increases the risk of a particular harm and is a substantial factor in causing that harm, the fact that the harm is brought about through the intervention of another force does not relieve the actor of liability, *except where the harm is intentionally caused by a third person* and is not within the scope of the risk created by the actor's conduct. (Emphasis added)

■ There is no evidence that Pruski intended to cause any harm to the airplane. Pruski intended to put the car in reverse and back away. He did not intend to cause the car to move forward. He negligently caused the car to move forward and crash into the aircraft.

We hold that Batko has failed to establish that as a matter of law the conduct of Pruski was a new and independent intervening cause. Batko's negligence was a substantial factor in bringing about the collision. His parking the automobile and leaving it with the engine running was an active and efficient cause of the injury.

■ In a final point, Batko complains that the court erred in not permitting him to "explore" the question of insurance coverage on the airplane. He argues on appeal that he was prevented from showing bias or interest. The reason given in the trial court for the admissibility of the excluded evidence was that Mecca had "opened the door" on the issue of insurance and Batko requested that he be permitted to prove "that the insurance company itself paid whatever money has been paid out, with the exception of a very small deductible." Batko cannot now, for the first time, urge a purpose for admissibility which he did not propose at the trial. *Bandas Industries, Inc. v. Employers Fire Insurance Company,* 585 S.W.2d 344 (Tex.Civ.App.—Austin 1979, no writ). M.L. Richards, one of the owners of Mecca, testified on cross-examination that the airplane was insured. The court overruled Mecca's motion for mistrial and instructed Batko not to go into the matter of insurance any further. Batko has failed to show error.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.