Dr. Ronald T. WILLIAMSON, Appellant,

v.

WAYNE STRAND PONTIAC–GMC, INC., et al., Appellees.

No. 13–82–235–cv.

Court of Appeals of Texas, Corpus Christi.

Sept. 1, 1983.

Rehearing Denied Oct. 6, 1983 (overruled).

Russell H. McMains, Edwards & Perry, Corpus Christi, for appellant.

Charles D. Thompson, Law Offices of Richard B. Stone, Corpus Christi, for appellees.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

KENNEDY, Justice.

The facts of this case are virtually undisputed. Appellee had possession of an automobile which had been left with it by a person named Tom Lawrence for the purpose of making repairs thereon. Mr. Law-

rence is not a party to this suit. The jury found that appellee had left the key in the ignition of Mr. Lawrence's car when he parked it on his lot. The automobile was stolen by two individuals from appellee's lot and was later abandoned in a street intersection in Corpus Christi. As the thieves abandoned the car they ran across this intersection just as appellant approached the scene in his car. Appellant was forced to take evasive action to avoid hitting the thieves and, when he did, he struck the stolen vehicle and sustained bodily injuries.

The jury answered the special issues, including the proximate cause issue, in a manner favorable to appellant and found his damages to be $500,000. Following receipt of the verdict, the trial court granted judgment Non Obstante Verdicto to appellees, resulting in this appeal.

Appellant brings three points of error which, together, raise the question whether appellee may be held legally accountable for the injuries suffered by appellant as a result of his collision with a vehicle stolen from appellee's automobile lot.

An almost identical fact situation to the one here presented is found in *Parker & Parker Const. Co., Inc. v. Frank Morris* 346 S.W.2d 922 (Tex.Civ.App. El Paso—1961, writ ref. n.r.e.). There the defendant had left a tractor parked on a vacant lot the motor of which could be started without a key. Some unknown person started the tractor and ran into the home of the plaintiff causing property damage. In reversing and rendering judgment for the defendant-appellant, the El Paso court said:

> "We hold that the owner of a vehicle is not liable to third parties injured as a result of negligent operation of his vehicle by a thief or other person not authorized to drive the vehicle, and that the negligence, if any, of appellant in failing to equip his tractor with a switch and key, or other device, and to remove the key or otherwise render the vehicle inoperable when left unattended, was not a proximate cause of appellee's damage."

See also *McKinney v. Chambers,* 347 S.W.2d 30 (Tex.Civ.App. Texarkana—1961, no writ).

Appellant points out in his brief that in 1971 Texas passed Tex.Civ.Stat.Ann. art. 6701d, Sec. 97 which prohibits the parking of a vehicle without removing the key from the ignition. First of all, the wording of that statute, particularly the use of the words "curb" and "highway", indicates that its terms do not apply to vehicles parked on private property. In addition, *Parker,* supra, refers to the majority rule in cases such as this and states that even when a key is left in an ignition in violation of a state statute the violation of the statute is not a proximate cause of the injury.

We are not unmindful of the case of *Bicknell v. Lloyd* 635 S.W.2d 150 (Tex.App. Houston 1st—1982, no writ) cited by appellant. There a bright red electric cart was left unattended in the Astrodome, and, though the evidence was in dispute about whether the key was left in the ignition, somehow the cart was motivated and it struck and injured the plaintiff. The author of *Bicknell* noted the existence of *Parker,* supra, and distinguished the two on the ground that the bright red cart in *Bicknell* was a "continuing temptation to young children" whereas the element of foreseeability was absent in *Parker.*

We overrule appellants points of error and affirm the judgment of the trial court.