James T. **FINNIGAN**, Individually and as Representative of the Estate and Survivors of Elizabeth Ann Finnigan, Deceased, Appellant,

v.

**BLANCO COUNTY**, Texas, Appellee.

No. 13934.

Court of Appeals of Texas, Austin.

Feb. 29, 1984.

Rehearing Denied April 11, 1984.

Darby Riley, Collins, DeWall & Riley, San Antonio, for appellant.

Richard L. Crozier, Douglass D. Hearne, Hearne, Knolle, LeWallen, Livingston & Holcomb, Austin, for appellee.

Before SHANNON, EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

James T. Finnigan, individually and as representative of the estate and survivors of Elizabeth Ann Finnigan, his deceased wife, appeals from the summary judgment of the district court that Finnigan take nothing in his suit against Blanco County under the Texas Tort Claims Act. Tex. Rev.Civ.Stat.Ann. art. 6252–19 § 3 (Supp. 1982). We will reverse the judgment and remand the cause for trial.

The summary judgment proof shows that on August 13, 1980, David Morgan was the only prisoner in the Blanco County jail. He was in custody on a charge of attempted murder. On the day in question, Deputy Sheriff Charles Gunby had permitted Morgan to be out of his cell for exercise. While out of his cell, Morgan could go anywhere in the jail building and the adjacent yard, which was enclosed by a chain-link fence. Gunby returned to the jail and the adjacent Sheriff's office to check on Morgan and to obtain forms for making a report concerning a burglary which Gunby was then investigating. Gunby left the motor of his car running while parked in front of the sheriff's office because he intended to depart a few minutes later to continue investigation of the burglary. The car was parked about four or five feet away from the fence of the jail yard. While in the sheriff's office, Gunby saw Morgan, who had escaped in some manner from the jail yard, get into the county car. Morgan drove off in the car with officers in pursuit. After a chase, Morgan was involved in a collision which caused the death of Elizabeth Ann Finnigan.

James Finnigan sued Gunby and Blanco County, alleging that their negligence proximately caused the injuries resulting in Elizabeth Finnigan's death. Finnigan

sought damages on behalf of the estate of Elizabeth Finnigan for medical and funeral bills, lost earnings, pain and suffering, and property damage to her automobile, and damages for wrongful death on behalf of himself and his daughter. The district court granted Blanco County's motion for summary judgment, and severed the suit against Blanco County from that against Gunby. James Finnigan appeals from the summary judgment that he take nothing from Blanco County.

Finnigan contends that his cause of action is within the waiver of governmental immunity contained in Section 3 of the Texas Tort Claims Act:

> Each unit of government in the state shall be liable for money damages for ... personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle ..., under circumstances where such officer or employee would be personally liable in accordance with the law of this state ....

First, Finnigan contends that the act of Deputy Sheriff Gunby in leaving his car running, while parked in front of the jail, is an act "arising from the operation or use of a motor-driven vehicle." Finnigan suggests that this result is supported by *State Highway Department v. Pinner*, 531 S.W.2d 851 (Tex.Civ.App.1975, no writ), in which the court affirmed a judgment for the plaintiff against the Department for damages caused by the negligent obstruction of the view of a railroad crossing by parked highway department vehicles. Finnigan argues that "implicit in the court's decision [in *Pinner*] is the finding that the state's act of parking its vehicles in that manner constituted the 'operation or use' of the motor vehicles within the meaning of Section 3." However, such a contention was neither raised by the Highway Department nor discussed by the Court of Civil Appeals.

Blanco County, on the other hand, relies upon *Jackson v. City of Corpus Christi*, 484 S.W.2d 806 (Tex.Civ.App.1972, writ ref'd n.r.e.). In *Jackson*, the plaintiff ran into a car stalled in the left lane of a state highway. The plaintiff alleged that the police officers of the defendant city "were negligent in failing, when they came upon the said stalled, unattended vehicle, to direct traffic and to have the vehicle towed away and leaving the scene unattended and/or not making arrangements for someone to attend the stalled vehicle." The Court of Civil Appeals held that these alleged acts were not acts "arising from the use or operation of a motor vehicle," and not within the waiver of immunity contained in § 3, and affirmed the summary judgment for the City. On motion for rehearing, the court stated:

> Appellants continue to argue the applicability of the Tort Claims Act to the case at bar. Underlying their argument is the contention that the removal of the police vehicle from its stopped position behind Mrs. Snyder's car, under the circumstances alleged, constituted negligent "operation and use" of a motor vehicle within the meaning of Section 3 of the Act. We do not agree. Section 3 requires that the negligence arise from the "operation or use" of the vehicle. The negligence *alleged* did not so arise.... The facts *alleged* in appellants' petition, in the face of appellee's plea of governmental immunity, required the rendition of summary judgment in favor of appellee. [emphasis added]

The emphasized language indicates that the court did not consider the issue whether the alleged movement of the police vehicle constituted an act "arising from the use or operation of a motor vehicle" within the meaning of § 3, because the appellant had not pleaded this allegedly negligent act as a basis for liability. *Jackson* and *Pinner* are the only two Texas cases which address a question remotely similar to that before this Court, and we do not consider either decision controlling.

The use or operation of a motor-driven vehicle such as an automobile involves the transportation of a person from one place to another, and such transportation necessarily includes the act of *stopping* the vehicle when one has reached one's destination. It also includes the act of leaving the motor of the car running in order that one may make a more rapid exit. Finnigan pleaded that Deputy Gunby's allegedly negligent act in parking the running car so close to Morgan proximately caused the death of Elizabeth Finnigan. This act could serve as the basis for liability even though the conditions which permitted Morgan's escape from the jail yard were also a cause of the accident. We hold that Deputy Gunby's alleged acts "arose from the operation or use of a motor driven vehicle," within the meaning of art. 6252–19 § 3. This result is in accordance with § 13 of the Texas Tort Claims Act, which states that "the provisions of this Act shall be liberally construed to achieve the purposes hereof." *Salcedo v. El Paso Hospital District,* 659 S.W.2d 30, 32 (Tex.1983).

Finnigan next contends that the summary judgment proof raised a genuine issue of fact with regard to whether the "circumstances" were such that Deputy Gunby "would be personally liable in accordance with the law of this state," and whether the act of Deputy Gunby "proximately caused" the injuries and death of Elizabeth Finnigan. The personal liability of Deputy Gunby is a requirement to establish the liability of Blanco County under § 3 of the Tort Claims Act. It is not disputed that the summary judgment proof raises an issue of fact with respect to the negligence of Deputy Gunby. We conclude that the summary judgment proof raised a fact issue as to proximate causation and the personal liability of Officer Gunby, and accordingly, that the district court erred in rendering summary judgment that Finnigan take nothing from Blanco County.

Blanco County relies on *Parker and Parker Construction Co. v. Morris,* 346 S.W.2d 922 (Tex.Civ.App.1961, writ ref'd n.r.e.); *McKinney v. Chambers,* 347 S.W.2d 30 (Tex.Civ.App.1961, no writ); and *Williamson v. Wayne Strand Pontiac-GMC,* 658 S.W.2d 263 (Tex.App.1983, writ ref'd n.r.e.). *Parker* and *McKinney* stand for the unqualified rule that the owner of a vehicle is not liable to third parties injured as a result of negligent operation of his vehicle by a thief or other person not authorized to drive the vehicle. The reasoning underlying this rule is that any negligent act of the owner in leaving the vehicle unattended and capable of ready operation (e.g. by leaving the keys in the car) cannot be a proximate cause of the injury, because the intervening action of the unauthorized driver is not foreseeable. *Parker, supra* at 924–25. The court in *Williamson* did not make such an unequivocal statement. In *Williamson* the court affirmed the judgment for defendant notwithstanding the verdict for plaintiff, stating that it was faced with "an almost identical fact situation" as found in *Parker, supra,* and distinguished the case of *Bicknell v. Lloyd,* 635 S.W.2d 150 (Tex.App.1982, no writ), in which an owner of a vehicle was held liable for injuries caused by the unauthorized use of his vehicle by another, on the ground that the evidence raised a fact issue with respect to foreseeability in that case, "whereas the element of foreseeability was absent in *Parker.*" 658 S.W.2d at 264. Thus *Williamson* may stand for the proposition that the collision in that case was, as a matter of law, not a foreseeable result of the negligent act, *under the facts shown in that case.* The court in *McKinney* did sustain a *summary judgment* for the defendant (in which judgment all three justices concurred, although each justice wrote a separate opinion), but the Supreme Court did not have the opportunity to review the judgment in *McKinney.* The Supreme Court refused the applications for writ of error in *Parker* and *Williamson,* indicating that no reversible error had been committed.

The court in *Parker* reversed a judgment for the plaintiff and rendered judgment for defendant, while in *Williamson,* as we have said, the court affirmed a judgment for defendant notwithstanding the verdict

for plaintiff. The Supreme Court's declaration that no reversible error had been committed necessarily includes *only* the conclusion that *the facts in those cases, as developed in the trial,* demonstrated as a matter of law that the injuries were not a foreseeable result of the allegedly negligent act. The refusal of the applications for writ of error in these cases does *not* entail the conclusion that injuries caused by an unauthorized operator of a motor vehicle are as a matter of law not a foreseeable result of the negligent act of the owner in leaving his keys in the vehicle, thus requiring a summary judgment in favor of the defendant, *irrespective of any facts that might be elicited at trial* to demonstrate foreseeability. The action of the Supreme Court in refusing applications for writ of error in *Parker* and *Williamson,* therefore, does not require affirmance of the summary judgment for Blanco County.

We believe that the law is properly stated in *Hunsucker v. Omega Industries,* 659 S.W.2d 692 (Tex.App.1983, no writ), *Batko v. Mecca Investment Co.,* 642 S.W.2d 41 (Tex.App.1982, no writ), and *Bicknell v. Lloyd,* 635 S.W.2d 150 (Tex.App.1982, no writ). In *Batko* and *Bicknell,* the court affirmed judgments for plaintiffs against contentions that the evidence was insufficient to establish foreseeability and proximate cause, because the injuries were caused by the intervening action of a person operating the vehicle without authorization. In *Hunsucker,* the court reversed a take-nothing summary judgment entered in favor of the defendant. In the trial court, the defendant had successfully contended that the summary judgment proof did not raise a fact issue with regard to the issue of reasonableness of the defendant's action in leaving the keys in the ignition in a locked building to which only defendant's employees had access, and the foreseeability of the unauthorized taking of the vehicle from the building, use of the vehicle, and a resulting accident. On appeal, the court disagreed, saying:

> We conclude that issues such as reasonableness and foreseeability are inherently issues for a jury because whether each

is precluded as a matter of law depends upon all the facts and circumstances in each case. For example, under certain circumstances leaving the keys in the ignition of a vehicle in a locked garage may be negligent, depending upon all of the surrounding facts and circumstances. On the other hand, after all of the facts and circumstances have been developed, a court may conclude, as a matter of law, that no negligence existed. Because of variations of the circumstances which may be shown at a trial on the merits, summary judgment is rarely justified in such cases. [659 S.W.2d at 698.]

The summary judgment proof indicating negligence and foreseeability is more substantial, at least in some respects, in the present case than in *Hunsucker.* Deputy Gunby left his car open and its motor running while it was parked about four or five feet away from a ten-foot chain link fence with barbed wire on top, enclosing an area to which Deputy Gunby knew the prisoner Morgan had access at that time. An open and running car is likely to be a very attractive means of effectuating one's escape. Once the prisoner entered the car, it may very well be foreseeable that a high-speed chase would ensue, with high risks of injury to other motorists. In concluding that this summary judgment proof is sufficient to raise a fact issue as to the issue of foreseeability and proximate cause, the following language from *Batko, supra* at 43, is instructive:

> Foreseeability does not require that the actor anticipate just how the injuries will grow out of the particular dangerous situation. As stated in *Clark v. Waggoner,* 452 S.W.2d 437 (Tex.1970):
>
>> The foreseeability element of proximate cause is established by proof that the actor as a person of ordinary intelligence and prudence should have anticipated the danger to others created by his negligent act.... The test is not what the wrongdoer believed would occur; it is whether he ought reasonably to have foreseen that the

**318**

event in question, or some similar event would occur.

We conclude that the summary judgment proof raised a genuine issue of fact with regard to the existence of each of the elements of a cause of action against Blanco County. Accordingly, the district court erred in entering summary judgment for Blanco County.

The judgment is reversed and the cause is remanded for trial.

### ON MOTION FOR REHEARING

■ On motion for rehearing, Blanco County complains that this Court erred in stating that "Morgan drove off in the car with officers in pursuit. After a chase, Morgan was involved in a collision which caused the death of Elizabeth Ann Finnigan." In his brief, Finnigan stated that "a high speed chase by police ensued, ending in San Antonio, where Morgan lost control of the Blanco County vehicle and it collided with Mrs. Finnigan's vehicle." At no place in its brief did Blanco County challenge this statement, and therefore this Court was entitled to accept it as correct. Tex.R. Civ.P.Ann. 419 (1967). The summary judgment proof shows that when Morgan drove off in the county vehicle, Deputy Gunby yelled to the dispatcher to put out an all-points bulletin alerting all enforcement officers in all surrounding counties of Morgan's escape. The dispatcher did so. Gunby and the dispatcher's father "jumped" into the latter's Volkswagen to follow Morgan in order to determine his direction of travel. After determining this, they *stopped* at a store "and called and told them to make sure everybody knew which way he was going." Then Gunby and the dispatcher's father "got in the pickup truck and *went after him,*" although they "really didn't get *in the chase* because [they were] way behind." (emphasis added) They pulled off the road and "just more or less followed the investigation, it was happening too fast for [them] to keep up with it." Accordingly, our statement of the facts is supported by both Finnigan's unchallenged statement and by the summary judgment

proof itself. However, we note that the occurrence or foreseeability of a high speed chase was not essential to our holding; this element was not present in any of the cases on which we relied. *Hunsucker, supra; Batko, supra; Bicknell, supra.* Rather, this fact only strengthened the conclusion that a fact issue was raised on the issues of foreseeability and proximate causation.

In its motion for rehearing Blanco County also "vehemently disputes the Courts [sic] finding that '[i]t is not disputed that the summary judgment proof raises an issue of fact with respect to the negligence of Deputy Gunby.'" At no place in its brief does Blanco County assert that the summary judgment proof established that Deputy Gunby was not negligent. Rather, at two places in its brief, Blanco County *assumes* for sake of argument that Deputy Gunby was negligent.

We need not address any of the other matters raised in Blanco County's motion for rehearing, which is overruled.