**Hector AMAYA and Luecretia Gaston, Appellants,**

v.

**Tim POTTER, North Texas Enterprises, and John Bryan, Appellees.**

No. 11–01–00264–CV.

Court of Appeals of Texas, Eastland.

Dec. 19, 2002.

Michael E. Schmidt, Schmidt Firm, Jeffrey S. Levinger, Omar Kilany Carrington, Coleman, Sloman & Blumenthall, Dallas, for appellants.

Edwin Lamberty, Glast, Phillips & Murray, Dallas, for appellees.

Panel consists of: ARNOT, C.J., and McCALL, J., and McCLOUD, S.J.[*]

Opinion

W.G. ARNOT, III, Chief Justice.

This appeal arises from an automobile accident caused when a stolen vehicle collided with two vehicles occupied by Hector

[*] Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting by assignment.

Amaya and Luecretia Gaston. The stolen vehicle was taken during business hours from the parking lot of a used car dealer. At the time the theft occurred, the stolen vehicle had been left running and unattended along with several other vehicles in the dealer's inventory. An independent contractor working on the lot pursued the stolen vehicle at the urging of the dealer. The accident occurred within a few minutes after the theft. The trial court granted summary judgment in favor of the dealer and the independent contractor who pursued the stolen vehicle on all claims asserted against them by appellants. We affirm in part and reverse and remand in part.

### Facts

On the morning of July 29, 1998, Carl Dwayne Carter stole a 1991 Mitsubishi pickup from Tim Potter, a used car dealer operating under the assumed name of North Texas Enterprises.[1] Carter's accomplice stole a 1987 Acura Legend from the business at the same time. The thefts occurred while the vehicles were running and unattended. Potter followed a routine of starting all of the vehicles in his inventory each morning. After all of the vehicles were started and running, Potter and his employees would then shut off each vehicle, moving from one side of his parking lot to the other. Potter was in the process of completing this routine when he received a phone call. The thefts occurred while Potter was in his office talking on the phone.

At the time the thefts occurred, John M. Bryan was repairing the driver's door of a van owned by Potter. Bryan operated a mobile repair business referred to as "The Doorman." Bryan's wife had accompanied

him to Potter's lot that morning. Bryan and his wife were sitting inside the van while Bryan made the repairs on the van. The van was running at the time in order for the van's air-conditioning system to function.

Upon observing the thefts from inside his office, Potter ran out screaming "go, go, go" at Bryan. Bryan complied with Potter's instruction by pursuing the stolen vehicles down Garland Road in Potter's van. Bryan soon caught up to the stolen vehicles at a red light. He stopped immediately behind the stolen Mitsubishi pickup. Bryan first attempted to exit the van so that he could try to grab the keys out of the pickup. He was unable to exit the van because the repairs to the van's door had not been completed. Bryan then shouted from the van for Carter to get out of the stolen pickup. Carter responded by driving at a high rate of speed through a turn lane. Carter clipped the front of a car as he drove through the intersection. Bryan then followed Carter. Bryan testified that he was traveling at approximately 65 miles per hour and that Carter was traveling at a much faster speed.

When Bryan saw a police officer turn onto Garland Road, Bryan and his wife flagged the officer down. Upon receiving Bryan's report of the theft of the pickup, the police officer drove down Garland Road in search of the stolen pickup. Bryan followed the police officer. Approximately one mile down Garland Road, the police officer observed three vehicles which had been involved in a major traffic accident. The three vehicles were the stolen Mitsubishi pickup and the two vehicles operated by appellants. Appellants had been traveling on Garland Road when the

---

1. The record reflects that North Texas Enterprises is a sole proprietorship wholly owned by Tim Potter. Although North Texas Enterprises is named as a separate party, there are no allegations that it has any liability separate and apart from Potter. North Texas Enterprises and Potter are collectively referred to as "Potter" in this opinion.

stolen pickup crossed the concrete median into the path of oncoming traffic. Appellants suffered serious physical injuries as a result of the collision. They filed suit against appellees seeking to hold them liable for the accident under various negligence theories. Appellees filed a comprehensive no-evidence motion for summary judgment with respect to all of appellants' claims which the trial court granted. Appellants attack the trial court's entry of summary judgment in this appeal.

### Standard of Review

The summary judgment order does not specify the grounds upon which the trial court relied. When a trial court's order granting summary judgment does not specify the ground or grounds relied upon for its ruling, summary judgment will be affirmed on appeal if any of the summary judgment grounds advanced by the movant are meritorious. *Dow Chemical Company v. Francis*, 46 S.W.3d 237, 242 (Tex.2001); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex.1989). We review evidence presented by the non-movant in reply to a motion for a no-evidence summary judgment just as we review the evidence offered in support of and in response to a motion for a traditional summary judgment: we accept as true evidence favorable to the non-movant and indulge every reasonable inference and resolve all doubts in favor of the non-movant. *Hight v. Dublin Veterinary Clinic*, 22 S.W.3d 614 (Tex. App.-Eastland, pet'n den'd); see *American Tobacco Company, Inc. v. Grinnell*, 951 S.W.2d 420, 425 (Tex.1997). We review, however, only evidence presented by the non-movant. TEX.R.CIV.P. 166a(i); *Hight v. Dublin Veterinary Clinic, supra.* If the non-movant presents evidence that is more than a mere scintilla, a no-evidence summary judgment is improper. *Hight v. Dublin Veterinary Clinic, supra; Denton v. Big Spring Hospital Corporation*, 998 S.W.2d 294, 298 (Tex.App.-Eastland 1999, no pet'n); cf. *Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997), *cert. den'd*, 523 U.S. 1119, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998).

### Liability of Potter and North Texas Enterprises

Appellants asserted that Potter and North Texas Enterprises were directly liable to them in negligence as a result of the stolen pickup being left unattended with the keys left in the ignition. Appellants also seek to hold Potter and North Texas Enterprises responsible under various theories for Bryan's pursuit of the stolen vehicle.

### *Respondent Superior*

A portion of the claims asserted by appellants against Potter and North Texas Enterprises allege that they are vicariously liable for Bryan's actions based on the allegation that Bryan was Potter's employee. There is no summary judgment evidence which supports the allegation that Bryan was Potter's employee. We, therefore, affirm the summary judgment with respect to the allegation that Potter and North Texas Enterprises are vicariously liable for Bryan's conduct premised on an employer-employee relationship.

### *Direct Liability of Potter and North Texas Enterprises*

With respect to Potter's and North Texas Enterprises's direct liability, a cause of action for negligence involves three elements: a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach. *El Chico Corporation v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). Appellees' no-evidence motion for summary judgment addressed each of these elements. Since the

trial court's summary judgment order did not specify the grounds upon which it granted summary judgment, we must address each negligence element in reviewing this appeal. There is ample evidence in the record that appellants sustained damages as a result of the accident involving the stolen pickup. Furthermore, the cases subsequently discussed in this opinion indicate that the act of leaving a vehicle unattended with the engine running in a high-crime area constitutes more than a mere scintilla of evidence raising a fact issue as to negligence. We, therefore, focus our attention on the issues of duty and proximate cause.

### Duty and Proximate Cause

The threshold inquiry in a negligence case is duty. *Greater Houston Transportation Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *El Chico Corporation v. Poole, supra* at 311. Tort liability depends on both the existence and the violation of a duty. *Greater Houston Transportation Co. v. Phillips, supra* at 525; *El Chico Corporation v. Poole, supra* at 311. Whether a duty exists in a particular case is a question of law for the trial court to decide from the facts surrounding the occurrence in question. *Greater Houston Transportation Co. v. Phillips, supra* at 525. In determining whether a duty exists, trial courts should consider several interrelated factors, including the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor's conduct, the magnitude of the burden of guarding against the injury, and the consequences of placing the burden on the defendant. *Greater Houston Transportation Co. v. Phillips, supra* at 525. Foreseeability is the foremost and dominant consideration in determining whether a particular duty exists. *Greater Houston*

*Transportation Co. v. Phillips, supra* at 525; *El Chico Corporation v. Poole, supra* at 311. Each person has a general duty to exercise reasonable care to avoid foreseeable injury to others. *El Chico Corporation v. Poole, supra* at 311. Foreseeability means that a person of ordinary intelligence would have anticipated the danger his or her negligence creates. *El Chico Corporation v. Poole, supra* at 313. Foreseeability requires only that the general danger, not the exact sequence of events that produced the harm, be foreseeable. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996). Proximate cause incorporates two elements: cause in fact and foreseeability. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex.1995). The test for cause in fact, or "but-for cause," is whether the act or omission was a substantial factor in causing the injury without which the harm would not have occurred. *Doe v. Boys Clubs of Greater Dallas, Inc., supra* at 477.

As noted in the preceding paragraph, foreseeability is a component of both duty and proximate cause. Texas courts have not clearly defined the relationship existing between duty, proximate cause, and foreseeability. The Texas Supreme Court's opinion in *Mellon Mortgage Company v. Holder*, 5 S.W.3d 654 (Tex.1999), reflects this lack of clarity. The three-justice plurality opinion in *Mellon* states that the foreseeability analysis is the same for both duty and proximate cause. *Mellon Mortgage Company v. Holder, supra* at 659. The three-justice dissenting opinion and Justice Baker's concurring opinion indicate that the focus of the foreseeability analysis should primarily be directed toward proximate cause rather than duty. *Mellon Mortgage Company v. Holder, supra* at 663.[2] Irrespective of the distinction

2. An informative discussion of these two views is contained in William Powers, Jr.,

between foreseeability as an element of duty versus foreseeability as an element of proximate cause, we examine foreseeability generally to resolve this appeal.

### Previous Cases

Several Texas cases have addressed the liability of a vehicle owner for an unauthorized person's operation of his vehicle. *Parker & Parker Construction Company, Inc. v. Morris,* 346 S.W.2d 922, 923 (Tex. Civ.App.-El Paso 1961, writ ref'd n.r.e.), involved a tractor parked overnight on a construction site. An unknown third person drove the tractor into the claimant's house. Unlike modern vehicles, the tractor did not require a key in order for its engine to be started. The El Paso Court of Appeals held that the tractor owner was not liable as a matter of law to third parties injured as a result of the negligent operation of the tractor by a thief or other person not authorized to drive it. The court found that the operation of the vehicle by an unauthorized person constituted, as a matter of law, an independent, intervening cause which nullified the vehicle owner's liability. *Parker & Parker Construction Company, Inc. v. Morris, supra* at 924–26.

The El Paso Court of Appeals reaffirmed *Parker* in *Story Services, Inc. v. Ramirez,* 863 S.W.2d 491 (Tex.App.-El Paso 1993, writ den'd). *Story Services* involved a car taken from a used car dealer. The evidence established that the dealer's employee left the vehicle running and unattended for at least half an hour. The stolen vehicle was involved in a fatal collision the day after it was taken from the dealer. The jury found the dealer liable for the collision. The court of appeals found the evidence supporting the jury's finding of *negligence* to be legally and factually *sufficient.* However, the court

found the evidence supporting the jury's finding of *proximate cause* to be legally and factually *insufficient.* Citing *Parker,* the court held that the operation of a vehicle by one without authority to do so is an unforeseeable intervening cause of a third party's injuries. *Story Services, Inc. v. Ramirez, supra* at 497–98.

*McKinney v. Chambers,* 347 S.W.2d 30 (Tex.Civ.App.-Texarkana 1961, no writ), involved an automobile stolen from a parking lot in the City of Dallas at a time when the lot was not open for business. The vehicle had been left unattended with the key left inside at the time of the theft. The stolen vehicle was subsequently involved in a collision with another vehicle. The court held that, as a matter of law, the automobile owner could not have reasonably foreseen that a thief would steal his car, negligently drive it, and injure a third party.

The Texarkana Court of Appeals issued a subsequent opinion dealing with similar facts in *Simmons v. Flores,* 838 S.W.2d 287 (Tex.App.-Texarkana 1992, writ den'd). *Simmons* involved a car parked in front of a washateria by an employee with the keys left inside. A thief who stole the car was subsequently involved in a collision. The trial court granted summary judgment in favor of the vehicle owner. Citing RE-STATEMENT (SECOND) OF TORTS § 448 (1965), the court of appeals noted that a crime committed by a third person is not a superseding cause if the defendant should have realized the likelihood that such a situation might be created and that a third person might avail himself of the opportunity to commit such a crime. *Simmons v. Flores, supra* at 288. The court held that the act of leaving keys in a car may constitute negligence and proximate cause when there is evidence that, because of the facts and circumstances surrounding

the location and conduct, a reasonable, prudent person could have reasonably foreseen that the car might be stolen and that some damage might result. *Simmons v. Flores, supra* at 289. The court stated:

Evidence that may justify a finding of negligence and foreseeability when the act causing harm is a third party's criminal act is that the public place was in a high-crime area, or had been the site of thefts or similar crimes in the past, or was a place relatively unprotected and susceptible to criminal acts.

*Simmons v. Flores, supra* at 289. The court of appeals sustained the trial court's granting of summary judgment on the basis that the vehicle owner's summary judgment affidavit conclusively established a lack of foreseeability of the theft.

In *Batko v. Mecca Investment Company*, 642 S.W.2d 41 (Tex.App.-Eastland 1982, no writ), we examined a fact situation involving a vehicle operated by an unauthorized user. Batko left his vehicle running approximately 30 feet away from an airplane. A passenger who remained inside the vehicle decided to play a practical joke on Batko by backing the vehicle away from the airplane. While attempting to back the vehicle, the passenger inadvertently caused the vehicle to move forward, resulting in a collision with the airplane. The evidence revealed that the passenger had been drinking at the time the incident occurred and that he had attempted to pull the same type of practical joke on two or three prior occasions. We affirmed the jury's finding of liability against Batko.

*Bicknell v. Lloyd*, 635 S.W.2d 150 (Tex. App.-Houston [1st Dist.] 1982, no writ), involved a three-wheeled, battery-powered cart used at a State 4–H Horse Show. A six-year-old boy was struck by the cart as a result of two unidentified youths operating it. The evidence reflected that other youths had driven the cart without the owner's permission during the show on several occasions. The evidence further revealed that the keys to the cart had been left inside. The court of appeals affirmed the jury's finding of liability on the basis that the owner of the cart could have reasonably foreseen the unauthorized use of the vehicle by children in the area and that harm was likely to result from its use.

In *Finnigan v. Blanco County*, 670 S.W.2d 313 (Tex.App.-Austin 1984, no writ), a deputy sheriff parked his vehicle near the county jail's exercise yard with the engine running. The deputy knew that the jail's only prisoner had access to the exercise yard at the time. The prisoner drove off in the vehicle while the deputy was inside the building. The stolen vehicle was involved in a fatal collision after a chase by officers. The court of appeals reversed a summary judgment granted in favor of the county based on the deputy's knowledge that the car had been left open with the motor running near an area to which the prisoner had access. The court stated:

An open and running car is likely to be a very attractive means of effectuating one's escape. Once the prisoner entered the car, it may very well be foreseeable that a high-speed chase would ensue, with high risks of injury to other motorists.

*Finnigan v. Blanco County, supra* at 317.

*Stephens v. Crowder Investments, Inc.*, 841 S.W.2d 947 (Tex.App.-Waco 1992, no writ), involved the theft of a funeral home's vehicle that had been parked in a back parking lot with the keys left in the ignition. A 12–year–old boy stole the vehicle. He was subsequently involved in a collision. The trial court granted summary judgment in favor of the funeral home which the court of appeals reversed. The court of appeals began its analysis by noting that a vehicle owner is generally

not responsible for personal injury or property damages caused by a thief who steals the vehicle because the theft is not a reasonably foreseeable intervening cause. *Stephens v. Crowder Investments, Inc.,* supra at 948. The court then stated that the owner's negligence will not be excused when the criminal conduct is a foreseeable result of his negligence. The court held that a fact issue may be raised on the issue of the foreseeability of the theft with evidence of similar thefts or other criminal acts in the area. The court of appeals reversed the trial court's summary judgment in favor of the defendant in the absence of summary judgment evidence regarding whether or not previous thefts had occurred.

An analysis of the foregoing cases reveals that the courts routinely treat the failure to remove ignition keys from inside of a vehicle as a negligent act or omission. The cases differ, however, with respect to their treatment of foreseeability. The courts in *Parker, Story Services,* and *McKinney* held that the thief's criminal act of stealing the vehicle is always an intervening act which precludes liability against the vehicle owner as a matter of law. *Simmons, Batko, Bicknell, Finnigan,* and *Stephens* permit a finding of liability against the vehicle owner arising from its unauthorized use if such unauthorized use was reasonably foreseeable.

■ The approaches taken by the courts in *Simmons, Batko, Bicknell, Finnigan,* and *Stephens* more accurately reflect the Texas Supreme Court's treatment of intervening criminal conduct on tort lia-

bility. In *Nixon v. Mr. Property Management Company, Inc.,* 690 S.W.2d 546, 550 (Tex.1985), the court stated as follows:

Usually, the criminal conduct of a third party is a superseding cause relieving the negligent actor from liability. However, the tortfeasor's negligence will not be excused where the criminal conduct is a foreseeable result of such negligence.

See Section 448.[3] We, therefore, hold that the theft of a vehicle is not a superseding cause precluding liability if the defendant should have foreseen the likelihood of the theft based on his conduct and the surrounding circumstances. However, our analysis should not end with solely an inquiry into the foreseeability of the theft of the vehicle. The thief's negligent or reckless operation of the vehicle is an additional component in the causal chain which must also be analyzed with respect to foreseeability. We, therefore, employ the following two-step analysis: (1) was the theft of the vehicle reasonably foreseeable and (2) was it reasonably foreseeable that, after the theft, the vehicle would be operated in a negligent or reckless manner?

*Foreseeability of the Theft*

■ The court in *Simmons* noted that the vehicle's location in a high-crime area or in a location that had been the site of thefts or similar crimes in the past are factors to be considered in determining the foreseeability of the vehicle's theft. The summary judgment evidence in this case included testimony from Potter regarding prior vehicle thefts occurring at his lot. Two of these thefts involved vehicles stolen

---

3. Section 448 provides:

The act of a third person in committing an intentional tort or crime is a superseding cause of harm to another resulting therefrom, although the actor's negligent conduct created a situation which afforded an opportunity to the third person to commit such a tort or crime, *unless the actor at the time of his negligent conduct realized or should have realized the likelihood that such a situation might be created, and that a third person might avail himself of the opportunity to commit such a tort or crime.* (Emphasis added)

during test drives. Another theft occurred when thieves took keys to the vehicles after breaking into Potter's office. Potter testified that an employee was robbed of money at gunpoint on another occasion. Potter also testified that Carter and his accomplice came to the lot the night before the theft occurred wanting to test drive a vehicle. Potter denied their request in part because he thought they looked suspicious. He believed they were "checking him out" in preparation for a possible future theft. The history of prior thefts, the request by Carter and his accomplice to test drive a vehicle the night before, and the fact that the vehicle was left running and unattended in an urban business district along with several other vehicles raise a fact issue with respect to the foreseeability of the vehicle's theft.

### Foreseeability of Negligent/Reckless Operation

 Some authorities have suggested that the victim of an automobile theft should foresee that the thief will operate the stolen vehicle in a negligent or reckless manner at all times because an individual driving a stolen vehicle is more likely to be involved in an accident than an ordinary motorist. See *Story Services, Inc. v. Ramirez, supra* at 503–04 (dissenting opinion). We are hesitant to adopt this broad view in large part because of our reluctance to make one whose negligence results in his or her car being stolen an insurer for all damages caused by the thief. See *Story Services, Inc. v. Ramirez, supra* at 498. Moreover, there are situations wherein a thief would be just as likely to operate the stolen vehicle in a prudent manner so as to avoid the attention of law enforcement officers. We, therefore, examine the circumstances surrounding this theft to determine if a fact issue exists as to whether Potter should have foreseen that Carter would operate the stolen vehicle in a negligent or reckless manner at the time of the subsequent accident.

The theft occurred during business hours from a dealer's lot located in a metropolitan area within the view of onlookers. The circumstances of the theft indicate that Potter should have had a heightened awareness that Carter would drive the stolen vehicle in a negligent or reckless manner as he made his escape. Potter's act of dispatching Bryan to pursue the stolen vehicle likely increased the chance that Carter would be involved in an accident. Finally, the accident occurred within a few minutes after the theft occurred, approximately 2½ miles from the car lot. We hold that these circumstances raise a fact question concerning the foreseeability that Carter would be involved in an accident with other motorists.

### Liability of Bryan

 Appellants contend that Bryan conducted his pursuit of the stolen pickup in a negligent manner and that such negligence constituted a proximate cause of the accident. From a public policy perspective, we are hesitant to discourage private citizens from attempting to recover stolen property. However, there is a compelling interest in preventing harm to innocent bystanders as a result of the pursuit of a criminal. See *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901 (Tex.1980) (involving a fleeing shoplifter being chased by security guards colliding with a shopper in a mall). The evidence shows that Bryan's conduct exceeded merely following the stolen vehicle. He engaged in a verbal exchange with Carter at an intersection and proceeded at a high rate of speed when following Carter. The summary judgment evidence, therefore, raises a fact question concerning Bryan's foreseeability of the accident.

### Cause in Fact

Appellees attack the cause in fact aspect of proximate cause based on the contention that Bryan's pursuit of Carter had ended at the time the accident occurred. Carter testified in his criminal trial that he began driving in a normal manner as soon as he lost sight of Bryan's pursuit. Carter further testified that the accident in question occurred as a result of him passing out while he was driving in a normal manner. Appellees cite *Union Pump Company v. Allbritton*, 898 S.W.2d 773 (Tex.1995), for the proposition that their conduct could not have been a cause in fact of appellants' injuries because their acts and omissions had run their course and were complete. While Carter's testimony indicated that he was no longer fleeing Bryan's pursuit at the time of the accident, the circumstances of the accident indicated otherwise. The accident was caused by Carter crossing a concrete median at a high rate of speed. The standard of review requires us to accept as true evidence favorable to appellants and indulge every reasonable inference and resolve all doubts in their favor. *Hight v. Dublin Veterinary Clinic, supra.* Furthermore, the accident occurred within a short time and distance of the theft. The summary judgment evidence, therefore, raises a fact question regarding cause in fact.

### Negligent Entrustment

Appellants seek to hold Potter and North Texas Enterprises liable for Bryan's actions under the theory of negligent entrustment. The elements of an automobile owner's liability for negligent entrustment are: (1) entrustment of a vehicle by the owner (2) to an unlicensed, incompetent, or reckless driver (3) that the owner knew or should have known to be unlicensed, incompetent, or reckless and (4) negligence on the part of the driver (5) that proximately causes the accident. *Williams v. Steves Industries, Inc.*, 699 S.W.2d 570, 571 (Tex.1985). For entrustment to be a proximate cause, the entrustor should be shown to be reasonably able to anticipate that an injury would result as a natural and probable result of the entrustment. *Schneider v. Esperanza Transmission Company*, 744 S.W.2d 595, 596 (Tex.1987). Appellants argue that Potter and North Texas Enterprises negligently entrusted the van to Bryan by requesting that he undertake a reckless use of the van in pursuing Carter. It is reasonably foreseeable that a driver of a stolen vehicle will operate the vehicle in a negligent or reckless manner as he makes his flight from the scene of the theft if being chased. The entrustment of a vehicle to another individual for the purpose of pursuing the stolen vehicle should heighten the vehicle's owner apprehension that the thief will operate the vehicle in a reckless manner. A question of fact is, therefore, raised with respect to Potter's and North Texas Enterprises's liability for the manner in which Bryan conducted the pursuit.

### Conclusion

The summary judgment is affirmed with respect to claims based on allegations that John Bryan was an employee of Tim Potter and North Texas Enterprises. The summary judgment is reversed and remanded in all other respects.