Opinion issued February 10, 2005






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01339-CV




MARY EYVONNE SCURLOCK, Appellant

V.

CAROL PENNELL, Appellee




On Appeal from County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 782,698




O P I N I O N

          Mary Scurlock appeals a final summary judgment granted in favor of appellee,
Carol Pennell. Scurlock seeks damages resulting from the partial destruction of her
home by a fire that originated at Pennell’s vacation home next door. We hold that the
trial court properly rendered summary judgment on Scurlock’s negligence claim
because (1) no material fact issue exists as to whether Pennell owed a duty to
Scurlock, and (2) a negligent entrustment claim does not apply to the entrustment of
real property. We therefore affirm.Facts and Procedural History
          In November 2000, Pennell’s vacation home caught on fire. The flames spread
to Scurlock’s home next door. The fire destroyed Pennell’s vacation home and
severely damaged Scurlock’s home. In a summary judgment affidavit, Pennell avers
that neither she nor her husband had visited the vacation home for 10 months before
the fire. Pennell further avers that she left the home in a secure condition because she
locked all the doors and turned off the electricity, gas, and water. Pennell gave no
one permission to enter the property the day of the fire. Pennell avers that “about 30
year ago, the property was broken into and a stereo and some speakers were taken.” 
          Pennell and Scurlock agree that an unknown third party started the fire. Two
witnesses offered affidavits that, on the day of the fire, a U-Haul truck was parked at
the Pennell home, the garage doors were open, and the house lights were on before
they observed a fire. 
          Scurlock sued Pennell for damages caused by the fire, alleging that Pennell
negligently left the home unlocked and the utilities on, thereby inviting vagrants. 
Alternatively, Scurlock alleges that Pennell negligently entrusted the home to a third
party who started the fire. Scurlock’s petition alleges Pennell’s negligent acts as
follows:
1.Leaving the home in an open and unsecured condition which was
inviting to vagrants and vandals.
 
2.Leaving the home in a condition that was inviting to vagrants and
vandals in an area where homes are prone to trespass and
vandalism.
 
3.Increasing the normal lure of the home to vagrants and vandals by
leaving the electricity turned on and available for use by any
vagrant or vandal.
 
4.Essentially advertising the availability of the home to vagrants
and vandals by leaving the garage’s light on with its door fully
open, thus exposing that the premises had been vacated by the
owner.
 
5.Leaving the garage’s interior fully open and visible, thus
communicating that the owner had vacated and removed all but
secondary items of property.
 
6.Leaving the home unsupervised in its obviously opened and
available condition to unknown third parties.
 
7.Failing to take adequate steps to have the security of the home
supervised in its obviously opened and available condition.

The trial court granted Pennell’s no-evidence motion for summary judgment. 
Standard of Review
          After adequate time for discovery, a party may move for summary judgment
on the ground that no evidence exists of one or more essential elements of a claim or
defense on which an adverse party would have the burden of proof at trial. Tex. R.
Civ. P. 166a(i). The motion must state the elements as to which no evidence exists. 
Id. The trial court must grant the motion unless the respondent produces summary
judgment evidence raising a genuine issue of material fact. Id. 
          Pennell styled her motion as a “no-evidence” motion for summary judgment,
and based it solely under subsection (i). See Tex. R. Civ. P. 166a(i). Attached to her
motion, however, she incorporated her affidavit. The Texas Supreme Court recently
has held that, if a motion for summary judgment brought solely under subsection (i)
attaches evidence, such as Pennell’s motion here, then “that evidence should not be
considered unless it creates a fact question, but such a motion should not be
disregarded or treated as a motion under subsection (a) or (b).” Binur v. Jacobo, 135
S.W.3d 646, 651 (Tex. 2004); see also Tex. R. Civ. P. 166a(a), (b), (i). We thus do
not consider Pennell’s affidavit, except to the extent it creates an issue of material
fact. See Binur, 135 S.W.3d at 651.
NegligenceA negligence cause of action has three elements: a legal duty owed by one
person to another, a breach of that duty, and damages proximately caused by the
breach. D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002). “Proximate cause
requires both cause in fact and foreseeability.” Id. Foreseeability exists if the actor,
as a person of ordinary intelligence, should have anticipated the dangers his negligent
act creates for others. Id.
          Pennell characterizes this case as one alleging negligent activity, rather than
one alleging premises liability against a landowner. In Timberwalk Apartments,
Partners, Inc. v. Cain, the Texas Supreme Court explains these two concepts. 972
S.W.2d 749, 753 (Tex. 1998). Recovery for a negligent activity requires that a person
have been injured by the activity itself, rather than by a condition created by the
activity; in contrast, recovery for premises liability depends upon a failure to use
ordinary care to reduce or to eliminate an unreasonable risk of harm created by a
premises condition about which the owner or occupier [of land] knows or, in the
exercise of ordinary care, should know. Id. 
          In Timberwalk, a tenant who had been raped in her apartment sued the landlord
and management company for their negligent failure to provide adequate security. 
972 S.W.2d at 751. The tenant asserted that the landlord’s failure to provide adequate
security measures created an unreasonable risk of harm about which the landlord
knew or should have known, but failed to correct. Id. at 753. The Timberwalk court
held that “a complaint that a landowner failed to provide adequate security against
criminal conduct is ordinarily a premises-liability claim,” and therefore, the trial court
had properly refused a jury charge under a negligent-activity theory. Id. 
          Like Timberwalk, the present case involves a complaint that a landowner failed
to provide adequate security against criminal conduct. Scurlock was injured by the
criminal actions of a third party, and alleges that Pennell failed to exercise reasonable
care to reduce or eliminate a foreseeable risk that criminal activity might occur. 
Scurlock did not sue for nuisance or trespass. Although Scurlock is not an invitee,
we follow the analysis in Timberwalk in analyzing Scurlock’s allegations of
negligence. See id.


 
          Property owners owe a legal duty to those whom a third-party criminal act may
harm only if the risk of criminal conduct is so great that it is both unreasonable and
foreseeable. Mellon Mortgage Co. v. Holder, 5 S.W.3d 654, 655 (Tex. 1999); see
also Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 550 (Tex. 1985) (“Usually, the
criminal conduct of a third party is a superseding cause relieving the negligent actor
from liability. However, the tortfeasor’s negligence will not be excused where the
criminal conduct is a foreseeable result of such negligence.”). Foreseeability is a
dominant consideration in determining whether a legal duty exists. Greater Houston
Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990). The Texas Supreme Court
analyzes foreseeability with a two-prong test:
[I]t is not required that the particular accident complained of should
have been foreseen. All that is required is (1) “that the injury be of such
a general character as might reasonably have been anticipated; and (2)
that the injured party should be so situated with relation to the wrongful
act that injury to him or to one similarly situated might reasonably have
been foreseen.”

Mellon Mortgage, 5 S.W.3d at 655 (quoting Nixon, 690 S.W.2d at 551). Stated
broadly, we determine both the foreseeability of the general danger and whether that
danger would harm a particular plaintiff. Id. Factors that a court should consider in
determining whether certain criminal conduct is foreseeable include: (1) whether any
criminal conduct previously occurred on or near the property, (2) how recently such
conduct occurred, (3) how often it occurred, (4) how similar the prior conduct was to
the conduct on the property, and (5) what publicity surrounded the occurrences to
indicate that the landowner knew or should have known about them. Timberwalk,
972 S.W.2d at 757. “If, after applying the Timberwalk factors of similarity, recency,
frequency, and publicity, we determine that the general danger of the criminal act was
foreseeable, we then apply the second prong of the foreseeability analysis and
determine whether it was foreseeable that the injured party, or one similarly situated,
would be the victim of the criminal act.” Mellon Mortgage, 5 S.W.3d at 656-57
(citing Timberwalk, 972 S.W.2d at 756-57). 
          In her affidavit, Pennell acknowledges one episode of criminal activity 
associated with the vacation home, occurring 30 years before the date of the fire. 
Scurlock presented affidavit evidence from one witness of “a few” burglaries in the
surrounding area at other residences, as well as evidence that the lights were on in
Pennell’s home on the day of the fire. Scurlock also presented evidence that a U-Haul
truck was present at Pennell’s home on the day of the fire.


 
          Scurlock offered no evidence of how recently these area burglaries had
occurred, how many burglaries occurred, how similar the burglaries were to the
criminal conduct at the Pennell home, the location of such burglaries, and whether the
media publicized the burglaries in a manner that Pennell either knew or should have
known about them. We thus hold that the summary judgment evidence is insufficient
to raise a fact issue that Scurlock’s injury is “of such a general character as might
reasonably have been anticipated.” See Mellon Mortgage, 5 S.W.3d at 655. 
          Even assuming that criminal activity in “the area” raises a fact issue as to
whether a general risk of criminal conduct exists, Pennell could not foresee that
Pennell would be the victim of this third-party criminal act. See Timberwalk, 972
S.W.2d at 759 (holding that a sexual assault on defendant’s property was not
foreseeable when no violent personal crime had occurred on the property in 10 years).
Assuming that Pennell should have known about recent burglaries in the area, none
of the summary judgment evidence suggests that Pennell could have foreseen this
occurrence—that of arson to Scurlock’s home, spreading to the adjoining property. 
See id. 
          As the Texas Supreme Court has observed, “[P]lacing a duty on landowners to
prevent criminal acts on their property simply because criminals could gain access to
their land would make landowners the insurers of crime victims, regardless of the
lack of connection between the landowner and either the victim or the perpetrator.” 
Mellon Mortgage, 5 S.W.3d at 658. We hold that the record, viewed in a light
favorable to the non-movant, raises no evidence that Pennell owed a legal duty to
Scurlock. 
Negligent Entrustment
          Scurlock contends that the trial court erred in rendering summary judgment on
her negligent entrustment claim. Negligent entrustment in Texas applies only to
chattels; Texas courts have not extended the concept to include the entrustment of
real property. See, e.g., Schwartz v. Forest Pharm., Inc., 127 S.W.3d 118, 122 (Tex.
App.—Houston [1st Dist.] 2003, pet. denied) (automobile); Amaya v. Potter, 94
S.W.3d 856, 866 (Tex. App.—Eastland 2002, pet. denied) (automobile); Prather v.
Brandt, 981 S.W.2d 801, 806 (Tex. App.—Houston [1st Dist] 1998, pet. denied)
(firearm). The trial court thus properly granted Pennell’s motion for summary
judgment on Scurlock’s negligent entrustment claim. 
Conclusion
          We hold that the trial court properly rendered summary judgment on Scurlock’s
negligence claim because (1) no material fact issue exists as to whether Pennell owed
a duty to Scurlock, and (2) a negligent entrustment claim does not apply to the
entrustment of real property. We therefore affirm the judgment of the trial court.
 
 
                                                             Jane Bland
                                                             Justice

Panel consists of Chief Justice Radack, and Justices Higley and Bland.