**REVERSE and REMAND and Opinion Filed August 29, 2022**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00100-CV

**LAURA LOPEZ, INDIVIDUALLY, ON BEHALF OF HERNAN MURILLO, DECEASED, AND AS NEXT FRIEND OF ALFONSO MURILLO, MARCOS MURILLO, ABIGAIL MURILLO, AND KAREN MURILLO, Appellant**
**V.**
**SUNSTATE EQUIPMENT CO. LLC, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-02079**

## MEMORANDUM OPINION

Before Justices Schenck, Molberg, and Pedersen, III
Opinion by Justice Molberg

Appellant Laura Lopez, widow of Hernan Murillo, appeals a rule 91a order dismissing claims brought individually, on behalf of Murillo, and as next friend of their four children against appellee Sunstate Equipment Co. LLC. *See* TEX. R. CIV. P. 91a. For the reasons that follow, we reverse the order and remand the case for further proceedings consistent with this memorandum opinion. *See* TEX. R. APP. P. 47.4.

# I. Background

## A. Procedural Background

Laura Lopez is the surviving spouse of Hernan Murillo, a licensed electrician, who died as a result of an equipment-related, construction-site accident at a Frito-Lay facility in Irving, Texas, on October 4, 2019. She and Murillo had four children at the time of that incident.

Soon after Murillo's death, Lopez sued Walker Industrial, LLC and Frito-Lay, Inc. individually, on behalf of Murillo, and as next friend to their four children.

On July 31, 2020, she filed a second amended petition adding claims against Sunstate, one of eight defendants named in that pleading. She brought claims against Sunstate for premises liability and wrongful death and survival based on Sunstate's alleged negligence. No exhibits were attached to that pleading. Sunstate answered, asserting a general denial and various affirmative defenses not at issue here.

Fewer than sixty days after Sunstate was served with process, Sunstate also filed a rule 91a motion to dismiss "all of [the] claims against it, including negligence and premises liability," on the ground Lopez had "no basis in law" for her claims against Sunstate. *See* Tex. R. Civ. P. 91a.1. Sunstate argued Lopez's pleading did not identify an unreasonably dangerous condition, establish a premises liability claim, or establish Sunstate was otherwise negligent. As to negligence, Sunstate argued the facts pled did not establish Sunstate owed Murillo a duty, breached a duty, or caused injury.

Seven days before the rule 91a hearing, Lopez filed a response in opposition to Sunstate's motion. Lopez attached two documents to her response: (1) her second amended petition, which was her live pleading at the time, and (2) a one-page "terms and conditions" form that, by its own terms, is part of a broader equipment rental agreement.[1]

Five days before the hearing, Lopez amended her pleading and filed a third amended petition. No exhibits were attached. In that pleading, Lopez removed the premises liability claim against Sunstate and added two more allegations regarding Sunstate's negligence, increasing the number of Sunstate's allegedly negligent acts from eleven to thirteen, as further detailed below.

Sunstate did not amend its rule 91a motion after Lopez filed her third amended pleading. Less than forty-five days after Sunstate filed its motion, the trial court heard the motion and granted it, dismissing with prejudice Lopez's claims against Sunstate on the same day as the hearing. The signed order stated the court found the motion to be meritorious but did not additionally specify the basis for the court's ruling. The order did not award any attorneys' fees. *See* TEX. R. CIV. P. 91a.7.[2]

---

[1] At the top of the one-page form, it states, under "TERMS AND CONDITIONS" and in smaller font, "THIS AGREEMENT IS FOR THE RENTAL OF ALL EQUIPMENT, VEHICLES, AND/OR ITEMS SHOWN ON THE OTHER SIDE [OF] THIS PAGE, INCLUDING ALL PARTS OF AND ALL ACCESSORIES TO SUCH ('EQUIPMENT')." The bottom right corner of the form states "Revised 9/2018." The form is not signed, contains only typewritten language, and does not identify the equipment rented, date of rental, or the parties to the agreement, referring only generally to "Customer" and Sunstate.

[2] According to the record before us, Sunstate did not seek or present any evidence of attorneys' fees in connection with its motion in the trial court. *See* TEX. R. CIV. P. 91a.7 ("Except in an action by or against a governmental entity or a public official acting in his or her official capacity or under color of law, the

Later, the trial court signed an order severing Lopez's claims against Sunstate from her other claims. Lopez timely appealed the once-interlocutory, now-final order dismissing her claims against Sunstate by filing a notice of appeal within thirty days of the severance order.[3]

## B.    Pleading Allegations[4]

Murillo was killed when he and two other workers fell approximately thirty feet from a scissor lift Sunstate had rented to another party, Johnson Equipment.

About seven weeks before the incident, Johnson Equipment had submitted a proposal to Frito-Lay for various projects at or near the construction site. The proposal included a bid for "lift rentals." Frito-Lay sent Johnson Equipment a purchase order for this work, thereby entering into a contract with Johnson Equipment.

As a result, on or about September 17, 2019, some two weeks before the incident, Johnson Equipment rented a Genie scissor lift from Sunstate, which Sunstate thereafter delivered to the construction site.

---

court may award the prevailing party on the motion all costs and reasonable and necessary attorney fees incurred with respect to the challenged cause of action in the trial court. Any award of costs or fees must be based on evidence.").

[3] *See* TEX. R. APP. P. 26.1 (notice of appeal must be filed within 30 days after the judgment is signed, except as specified in rule); *DRC Constr. v. Pickle*, No. 01-20-00576-CV, 2022 WL 479918, at *4 (Tex. App.—Houston [1st Dist.] Feb. 17, 2022, no pet.) (per curiam) (mem. op.) ("No statutory or other authority allows for an interlocutory appeal from an order that grants a Rule 91a motion to dismiss but does not dispose of all pending claims."); *see also Martinez v. Humble Sand & Gravel, Inc.*, 875 S.W.2d 311, 313 (Tex. 1994) ("When a severance order takes effect, the appellate timetable runs from the signing date of the order that made the judgment severed 'final' and appealable.").

[4] For purposes of this appeal, we take as true the allegations of Lopez's third amended petition. *See* TEX. R. CIV. P. 91a.1.

–4–

Nine days before the incident—on or about September 25, 2019—Johnson Equipment scheduled a pick-up of the Genie scissor lift with Sunstate. Sunstate did not retrieve the scissor lift from the construction site, leaving it in the possession of Frito-Lay, and possibly others.

At all relevant times, Frito-Lay had one or more written policies requiring the removal of the keys from equipment, such as the lift, when the equipment was not being actively operated. Sunstate and Johnson Equipment knew or should have known of Frito-Lay's requirements.

On the morning of his death, Murillo had been working on electrical projects on the construction site along with coworkers Jose Javier and Francisco Salazar. Salazar was the foreman of their three-man crew. After lunch, the crew was assigned to help with an overhead conduit project. The goal of this work was to pull electrical wires through a two-inch conduit, from one breaker panel to another. The work was needed because other electricians had been unable to pull the wires through the conduit. Apparently, there were no drawings or engineering plans for installing the conduit and electrical conductors, and Murillo and Salazar were sent to "borrow" a scissor lift from Frito-Lay for this work. They secured the Genie lift, which Sunstate had not yet retrieved from the work site. Although the lift was only rated for two people, Salazar allowed all three men onto the lift platform, which they then suspended thirty feet in the air to complete the work.

At the same time, Sammy Deer, an employee of Walker Engineering, was in the process of completing his own nearby tasks in a different lift. Deer failed to properly control his lift and hit the base of the scissor lift occupied by Murillo and the others. The hit to the base of Murillo's scissor lift caused Murillo's lift to tip over and crash onto the concrete below. Murillo died from the injuries sustained in the tip-over. His death was not caused by or contributed to by Murillo, nor did it occur through any fault or negligence on his part, but was proximately caused by the acts, wrongs, and/or omissions of defendants, including Sunstate.[5]

## II. DISCUSSION

### A. Question Presented

In one issue, Lopez argues the trial court erred in granting Sunstate's rule 91a motion because her petition does not "trigger a clear legal bar" to her negligence claims against Sunstate.

---

[5] Specifically, Lopez alleged Sunstate's acts of negligence include but are not limited to the following: (1) failing to exercise ordinary care to avoid reasonably foreseeable injury to Murillo; (2) exposing Murillo to unreasonable risk of harm and injury; (3) failing to maintain control of the construction project, construction site, and/or equipment in a reasonably safe condition; (4) failing to warn Murillo of the unreasonably dangerous condition of the premises and/or equipment; (5) creating a dangerous condition on the premises and allowing the dangerous condition to exist; (6) failing to correct the unreasonably dangerous condition prior to the incident; (7) failing to make safe a dangerous condition; (8) failing to maintain control of the Frito-Lay scissor lift; (9) authorizing others to operate the Frito-Lay scissor lift, without proper training and/or supervision, and ratifying that conduct; (10) failing to follow the rules of Frito-Lay to secure the equipment left at the Frito-Lay Facilities; (11) failing to implement policies and procedures to confirm that the rules of Frito-Lay were followed; (12) knowing about the dangerous conditions, but acting with conscious indifference to the rights, health, welfare, and/or safety of those persons affected by it; and (13) failing to supervise, train, monitor, and look out for the employees, independent contractors, and other personnel Johnson Equipment and/or Sunstate had knowledge and/or reason to believe would be at or around the construction project, the construction site, and/or the equipment on the day of the incident. Items ten and eleven were the two new allegations Lopez added in her third amended petition; the other items were also included in her prior pleading.

In arguing this point, Lopez addresses several topics she describes as subsidiary issues: whether her pleading identified an unreasonably dangerous condition (a matter Sunstate challenged in its motion), whether Sunstate's motion was sufficiently specific as to the elements of breach and causation, and whether her pleading shows there is no clear legal bar to her allegations that Sunstate owed and breached a duty to Murillo and that such breach proximately caused his death.

In our analysis below, we resolve Lopez's issue and discuss these topics,[6] as well as a preliminary issue neither party raises: whether we may consider, in our de novo review, the "terms and conditions" form Lopez attached to her response to Sunstate's motion and to which both parties refer in their briefing on appeal.

## B. Applicable Standards

We review the merits of a rule 91a ruling de novo. *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021); *In re Farmers Tex. Cty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding); *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

Rule 91a provides a harsh remedy and should be strictly construed. *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.); *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex. App.—

---

[6] *See* TEX. R. APP. P. 38.1(f) (requiring appellants to "state concisely all issues or points presented for review" and stating, "The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.").

Dallas June 11, 2018, orig. proceeding) (mem. op.). The rule is not a substitute for special exception practice under rule 91 or summary judgment practice under rule 166a, both of which come with protective features against summary dispositions on the merits. *Royale v. Knightvest Mgmt., LLC*, No. 05-18-00908-CV, 2019 WL 4126600, at *4 (Tex. App.—Dallas Aug. 30, 2019, no pet.) (mem. op.).

Under rule 91a, except in certain situations not applicable here, a party may move to dismiss a cause of action on the grounds that it has "no basis in law or fact." TEX. R. CIV. P. 91a.1. A cause of action has no basis in law "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* A cause of action has no basis in fact "if no reasonable person could believe the facts pleaded." *Id.*

A motion to dismiss "must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2.

We apply a fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action. *Thomas v. 462 Thomas Family Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied). In *Thomas*, we stated:

> Our procedural rules merely require that the pleadings provide fair notice of the claim and the relief sought such that the opposing party can prepare a defense. A petition is sufficient if it gives fair and

adequate notice of the facts upon which the pleader bases his claim. Even the omission of an element is not fatal if the cause of action may be reasonably inferred from what is specifically stated. Under this standard, courts assess whether an opposing party can ascertain from the pleading the nature of the controversy, its basic issues, and the type of evidence that might be relevant.

*Id.* at 639–40 (cleaned up).[7]

When applying the fair-notice pleading standard to our review in a rule 91a context, "we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *In re RNDC*, 2018 WL 2773262, at *1. "If a petition provides sufficient facts to give fair notice of the claim, then a motion seeking dismissal based on lack of a basis in fact should be denied. Similarly, if nothing in the pleading itself triggers a clear legal bar to the claim, then there is a basis in law and the motion should be denied." *Id.*

In ruling on the rule 91a motion, except as required by rule 91a.7—which does not apply here—the court may not consider evidence and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by rule 59.[8] TEX. R. CIV. P. 91a.6; *see Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020) (noting

---

[7] *See* Jack Metzler, *Cleaning Up Quotations*, 18 J. APP. PRAC. & PROCESS 143 (2017), available at https://lawrepository.ualr.edu/appellatepracticeprocess/vol18/iss2/3 (explaining parenthetical).

[8] Rule 59 permits as pleading exhibits only "[n]otes, accounts, bonds, mortgages, records, and all other written instruments, constituting, in whole or in part, the claim sued on, or the matter set up in defense." TEX. R. CIV. P. 59.

rule 91a.6 expressly limits court's consideration to the pleading of the cause of action with a "narrow class of exhibits" and stating "[r]ule 91a limits the scope of a court's factual, but not legal, inquiry").

When an order granting a rule 91a motion to dismiss does not specify the grounds for dismissal, an appellant seeking reversal of a rule 91a dismissal must negate the validity of each ground on which the trial court could have relied in granting the dismissal. *Buholtz v. Gibbs*, No. 05-18-00957-CV, 2019 WL 3940973, at *3 (Tex. App.—Dallas Aug. 21, 2019, pet. denied) (mem. op.).

## C. Analysis

In her sole issue, Lopez argues the trial court erred in granting Sunstate's rule 91a motion because her pleading does not trigger a clear legal bar to her negligence claims against Sunstate. We address that matter in section II.C.3 below, but first address two other matters discussed in the parties' briefing.

### 1. Unreasonably Dangerous Condition

In its motion, Sunstate argued Lopez failed to identify in her pleading the "unreasonably dangerous condition" for which Sunstate was allegedly responsible.

Both parties agree this ground is no longer relevant.[9] When Sunstate filed its rule 91a motion, Lopez's live pleading was her second amended petition, a pleading

---

[9] In its appellate response, Sunstate maintained Lopez's argument regarding this topic was irrelevant to this appeal because Lopez non-suited her premises liability claim against Sunstate. In her principal brief, Lopez argued the premises liability ground in Sunstate's rule 91a motion is irrelevant and acknowledged she deleted her premises liability claim against Sunstate.

that contained both premises liability and negligence claims against Sunstate. However, by the time of the rule 91a hearing and order, Lopez's live pleading was her third amended petition, a pleading alleging only negligence claims against Sunstate and dropping any claim against Sunstate for premises liability.

While the existence of an unreasonably dangerous condition is necessary in a premises liability claim,[10] it is not in a negligence claim, which requires the existence of a duty, a breach of that duty, and damages proximately caused by that breach.[11]

Because Lopez's live pleading at the time of the rule 91a hearing did not contain a premises liability claim against Sunstate, whether Lopez identified an unreasonably dangerous condition was irrelevant in deciding Sunstate's motion and is irrelevant to our review of that decision in this appeal.

## 2. "Terms and Conditions" Form

In their arguments on appeal, both Lopez and Sunstate refer to the "terms and conditions" form Lopez attached to her response to Sunstate's motion. We do not consider the form, however, because it was not attached to Lopez's pleading and is not the type of exhibit rule 59 permits. *See* TEX. R. CIV. P. 91a.6 (court may not consider evidence and must decide rule 91a motion based solely on the pleading of

---

[10] *See Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983) (listing premises liability claim elements, which include a premises condition that posed an unreasonable risk of harm).

[11] *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995) ("The elements of a negligence cause of action are a duty, a breach of that duty, and damages proximately caused by the breach of duty.").

the cause of action, together with any pleading exhibits permitted by rule 59); *Bethel*, 595 S.W.3d at 654 (rule 91a limits scope of court's factual inquiry).

### 3. Negligence Claims

Lopez argues the trial court erred in granting Sunstate's rule 91a motion because her pleading does not trigger a clear legal bar to her negligence claims against Sunstate. Those claims are premised on allegations Sunstate owed and breached a duty to Murillo and that such breach proximately caused his death.

Before we address that argument, we address a related topic about which she complains: whether, as to breach and causation, Sunstate's motion stated specific reasons for dismissal. *See* TEX. R. APP. P. 91a.2 (stating, in addition to other requirements, rule 91a motion "must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both").

Lopez made no such complaint below. Assuming Lopez was required to and did preserve error on this complaint,[12] it lacks merit, as Sunstate's motion stated, in part, "The facts pled do not support that Sunstate breached [its] duty, or that any purported breach caused . . . damages" and that Lopez "fail[ed] to allege a single act of wrongdoing by Sunstate," and "[did] not allege sufficient facts to establish that [it] breached any duty, or that any action (or breach of duty) by Sunstate caused [Murillo's] injuries."

---

[12] *See* TEX. R. APP. P. 33.1(a) (requirements regarding preserving error).

We turn, finally, to Lopez's argument that the trial court erred in granting Sunstate's motion because her pleading does not trigger a clear legal bar to her negligence claims. To support her position, Lopez relies, in part, on negligence cases from our Court[13] and our sister courts[14] involving unattended vehicles with keys left in the ignition—a situation Lopez analogizes to the facts alleged here. Lopez argues Sunstate had a duty not to leave its scissor lift unattended for nine days, in an operable condition or with the key inserted in violation of Frito-Lay rules, at a location where it was tempting for unauthorized workers to borrow the lift, as Murillo is alleged to have done. Lopez also argues that her pleading does not trigger a clear legal bar to establishing Sunstate's breach of that duty or that such breach proximately caused Murillo's death.

Sunstate, in contrast, insists no duty exists as a matter of law and argues, in part, that the key-in-the-unattended-vehicle cases Lopez cites are distinguishable. Sunstate's arguments regarding Lopez's allegations focus much more heavily on what has not been alleged in her pleading than what has been, and in certain respects, would have us infer facts favoring Sunstate, rather than favoring Lopez, contrary to the applicable standards. For example, Sunstate argues, "Given Frito Lay's alleged

---

[13] *See Hunsucker v. Omega Indus.*, 659 S.W.2d 692, 694 (Tex. App.—Dallas 1983, no writ).

[14] *See Amaya v. Potter*, 94 S.W.3d 856 (Tex. App.—Eastland 2002, pet. denied); *Sanders v. Tomball Ford, Inc.*, No. 14-96-00470-CV, 1997 WL 539651 (Tex. App.—Houston [14th Dist.] Sept. 4, 1997, no pet.) (not designated for publication); *Stephens v. Crowder Invs., Inc.*, 841 S.W.2d 947 (Tex. App.—Waco 1992, no writ); *Finnigan v. Blanco Cty.*, 670 S.W.2d 313 (Tex. App.—Austin 1984, no writ); *Bicknell v. Lloyd*, 635 S.W.2d 150 (Tex. App.—Houston [14th Dist.] 1982, no writ).

policy of removing keys, the only reasonable inference from Lopez's allegations is that the key was *not* in the scissor lift and that someone on-site that day gave Murillo or Salazar the key." While this is certainly one possible inference, it is not the only reasonable one, nor is it one we are permitted to make. In some respects, the dissent appears to take a similar approach, such as by omitting various allegations from Lopez's pleading and by considering them solely through a lens of negligent ownership and misappropriation, rather than by considering not only those allegations but also other reasonable inferences that might be made from them and by considering the active negligence theory Lopez has alleged.

Viewing the pleading, as we must, according to applicable standards, we conclude that because nothing within Lopez's pleading itself triggers a clear legal bar to Lopez's negligence claim, the claim has a basis in law, and the trial court erred in granting Sunstate's rule 91a motion. *See Thomas*, 559 S.W.3d at 639 (applicable standards); *In re RNDC*, 2018 WL 2773262, at *1 (same); *see also Hunsucker*, 659 S.W.2d at 694 (concluding "issues such as reasonableness and foreseeability are inherently issues for a jury because whether each is precluded as a matter of law depends upon all of the facts and circumstances in each case" and noting "under certain circumstances leaving the keys in the ignition of a vehicle in a locked garage may be negligence, depending upon all of the surrounding facts and circumstances [but] [o]n the other hand, after all of the facts and circumstances have been developed, a court may conclude, as a matter of law, that no negligence existed").

Our decision, of course, reaches only the issue before us, and should not be construed as a comment on how the issues of duty, breach, or causation are to be decided after remand, whether as a matter of law or upon submission to a fact-finder. As some have said in other contexts, "the devil is in the details."[15]  After remand, depending on what the details show, the party who prevails here today may be the same as, or different from, the party who ultimately prevails.

### III.  CONCLUSION

We sustain Lopez's sole issue, reverse the trial court's order, and remand the case for further proceedings consistent with this opinion.

/Ken Molberg/  
KEN MOLBERG  
JUSTICE

Schenck, J., dissenting.

210100F.P05

---

[15] *See Priel v. State*, No. 07-09-0349-CR, 2010 WL 445287, at *3 (Tex. App.—Amarillo Feb. 9, 2010, no pet.) (mem. op., not designated for publication).



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LAURA LOPEZ, INDIVIDUALLY, ON BEHALF OF HERNAN MURILLO, DECEASED, AND AS NEXT FRIEND OF ALFONSO MURILLO, MARCOS MURILLO, ABIGAIL MURILLO, AND KAREN MURILLO, Appellant

No. 05-21-00100-CV          V.

SUNSTATE EQUIPMENT CO. LLC, Appellee

On Appeal from the 44th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-02079. Opinion delivered by Justice Molberg. Justices Schenck and Pedersen, III participating.

In accordance with this Court's opinion of this date, the trial court's order granting appellee's rule 91a motion is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant LAURA LOPEZ, INDIVIDUALLY, ON BEHALF OF HERNAN MURILLO, DECEASED, AND AS NEXT FRIEND OF ALFONSO MURILLO, MARCOS MURILLO, ABIGAIL MURILLO, AND KAREN MURILLO recover her costs of this appeal from appellee SUNSTATE EQUIPMENT CO. LLC.

Judgment entered August 29, 2022.

–16–